UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NORFOLK DIVISION)

| | |
|---|---|
| SHOPNTOWN, LLC ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 2:08-cv-00564-RAJ-JEB |
| v. ) | |
| ) | |
| LANDMARK MEDIA ENTERPRISES, LLC ) | |
| ) | |
| Defendant. ) | |

**LANDMARK'S MOTION TO STRIKE AND TO
PRECLUDE PLAINTIFF FROM ASSERTING ADDITIONAL
PATENT CLAIMS AND MEMORANDUM IN SUPPORT THEREOF**

**Background**

In this patent infringement action, plaintiff, ShopNTown, LLC ("ST"), has asserted that defendant, Landmark Media Enterprises ("Landmark"), infringes ST's U.S. Patent No. 6,968,513 ("the 513 patent") through Landmark's ForRent.com web site (www.forrent.com). Trial is set to commence on September 28, 2009. A copy of the 513 patent is attached as Exhibit A.

This motion concerns a dispute about the particular patent claims that ST wishes to assert against Landmark. In particular, ST is now, belatedly, trying to assert new patent claims against Landmark's objections and without leave of Court.

In mid-February, ST and Landmark negotiated and mutually agreed to a Supplemental Scheduling Order that would govern the submission of, among other things, identification of the asserted patent claims, claim construction contentions and claim construction briefs. ST and Landmark did this because they agreed that deadlines were necessary to efficiently prepare this

case for trial. Each side wanted a Court order setting mandatory, not optional, deadlines, with no changes to occur unless there was either a mutual agreement to change a deadline and/or a Court order doing so.

The mutually agreed upon Supplemental Scheduling Order was entered on March 12, 2008. It set March 11 as the deadline for ST to "make a good faith effort to identify *all* patent claims it contends are infringed based on information reasonably available to it at that time." ("Order"; Exh. B) (italics added). March 11 was therefore the deadline for ST to identify the claims that would be involved in this action.

On March 11, ST identified ten claims as the asserted claims, i.e., claims 40-44, 47-48 and 50-52, "based upon information [then] reasonably available to it." Exh. C. This identification set in motion a series of events directed to claim construction briefing, which is to be concluded by May 20, as required by paragraphs 2-20 of the Order. Since March 11, the parties have also exchanged contentions concerning infringement and invalidity. All of the very substantial work that Landmark put into researching and forming its claim construction, non-infringement and invalidity defenses was in reliance upon ST's March 11 identification of claims.

On Friday evening, May 1, just two weeks before the now extended May 12 deadline for exchanging opening claim construction briefs[1], ST told Landmark that it was adding new claims to this case. Exh. D. In particular, ST said that it was adding twelve new "system" claims (i.e., claims 21-22, 25-31, 33, 35, and 37-39) to the ten "method" claims identified on March 11. This came as a surprise to Landmark, since ST had never even hinted that it might want to do so. In

---

[1] The original deadline for submission of opening claim construction briefs was May 6, but Landmark agreed to ST's request to extend the deadline.

fact, ST's conduct from March 11 to May 1 was consistent with its representation that only those claims identified on March 11 were in this suit. On Sunday afternoon, May 3, ST served its "Second Updated Infringement Contentions" purporting to show how the new claims "read on" ForRent.com.[2] Exh. E.

ST did not seek leave of Court before adding the new claims or before serving its Second Updated Infringement Contentions. Landmark has objected to both ST's belated addition of the new claims and the Second Updated Infringement Contentions. ST has refused to withdraw them. Exhs D and E. Moreover, despite repeated requests from Landmark, ST has refused to identify any allegedly "new" or "recently discovered" information to support its position that the new claims could not have been asserted earlier and that the new assertion is made in good faith.

Landmark requests an Order striking ST's assertion of the new claims and its Second Updated Infringement Contentions, and precluding ST from asserting any further claims absent a showing of good cause.

**Argument**

ST's belated assertion should be stricken for these reasons:

1) ST did not seek leave of court to assert the twelve new claims;

---

[2] Another dispute between ST and Landmark involves the sufficiency of ST's infringement contentions. ST's original infringement contentions simply regurgitated the language of the asserted claims and made only passing reference to some ForRent.com marketing materials. They did not, as is required, show how ST contends each and every claim term reads on the structure, function, operation and features of ForRent.com. Only after Landmark continued to press ST for more detail, over a period of several weeks, did ST finally supplement its infringement contentions. These were finally served mid-day, May 1, and they are still deficient because they do not state with specificity, how ST contends each and every claim term "reads on" the structure, function, operation and features of ForRent.com, nor does it provide the alleged factual basis for those contentions, as requested by Landmark's interrogatory no. 3 discussed further below. ST's Second Updated Infringement Contentions (i.e., those directed to the new claims) suffer from the same problem.

2) ST could have asserted the twelve new claims on March 11 but chose not to do so for apparent strategic reasons;

3) ST has no "good faith basis" for belatedly adding the twelve new claims (at least none that it is willing to share with Landmark); and,

4) ST's belated assertion is prejudicial to Landmark.

**1. ST did not seek leave of court to assert the twelve new claims.**

The March 11 deadline was a Court order. ST was required to seek leave of Court if it wished to add additional claims after that date. It didn't. ST should not be permitted to skirt a Court order, much less do so after substantial preparations have been made based on the originally asserted claims and less than twelve days before opening claim construction briefs are to be exchanged.[3]

**2. ST could have asserted the twelve new claims sooner, even as early as March 11, but for strategic reasons, chose not to.**

The 513 patent is directed to a business method carried out on a web site. The ten originally asserted claims are so-called "method", or process, claims that recite the operations of such a business method. Unlike the originally asserted claims, however, the twelve new claims are "system" claims that purport to recite an apparatus for carrying out the business method. The new claims employ so-called "means plus function" language to recite the elements of the system – that is, they broadly recite a "means for" carrying out some specified function, without

---

[3] ST has repeatedly created delays in this action, yet it is the plaintiff and it chose this forum knowing it would need to move on an expedited basis. For example, the Order set April 17 as the date for exchanging contested claim terms. At ST's request, this date was moved to April 27. The Order set May 6 as the date for exchange of opening claim construction briefs. At ST's request, this was moved to May 12. ST's documents were due to be produced on April 7, but ST didn't produce them until April 20 because it had not yet searched for them (something it should have done before it filed suit). These are just a few example of ST's dilatory tactics. To grant ST the relief it now seeks would only serve to reward ST for its tactics.

stating what the "means" or structure is. But, the patent statute, particularly 35 U.S.C § 112, ¶ 6 ("112/6"), requires that resort be made to the patent specification to ascertain the corresponding structure. That is a substantial difference from the originally asserted claims, not only because resort must be made to the specification to identify corresponding structure, but also because that corresponding structure must then be compared to the ForRent.com web site to resolve the infringement issue. These differences substantially impact the claim construction exercise, the formation of Landmark's non-infringement defenses, *and* the formation of Landmark's invalidity defenses. In essence, allowing the new claims to be asserted sets the clock back to March 11. Yet, ST could have asserted the new system claims on March 11 had it chose to. It's decision not to include them was a strategic one, intended to keep its case simple and avoid any possible complexities with 112/6 claim construction issues and 112/6 infringement proofs.

So, why did ST have a change of heart? Because, through Landmark's claim construction submissions, non-infringement assertions, and showing of probable invalidity, Landmark has repeatedly demonstrated the weakness of ST's infringement case as ST has presently postured it. Having made a bad strategic decision, ST now wants a second chance. And it's not entitled to one, especially given its delay tactics throughout the course of this action.

ST's excuse for its belated assertion of the twelve new claims is that it has new information that it only recently learned from documents that Landmark proffered on April 15. However, that excuse is a ruse and the real decision to belatedly assert these claims has nothing to do with any new information. Everything that ST needed to make an informed decision as to which claims to assert was available to it before March 11, particularly given the way it reads the new system claims. That information is available at www.forrent.com and in other publicly available information.

ST made a strategic decision on March 11 and it should not permitted to change it mid-course, especially since this matter is scheduled to move forward at an expedited pace. ST is the plaintiff and it should have put its best foot forward on March 11.

**3. ST has no "good faith basis" for belatedly adding the twelve new claims**

Landmark has repeatedly asked ST to identify the alleged "new information" that it learned from discovery and that justifies its attempted belated assertion, and ST has repeatedly refused. Exhs C and D. That alone demonstrates the lack of any good faith basis for the belated assertion. Moreover, Landmark has a long-standing interrogatory that requires ST to disclose the factual underpinnings for its infringement assertions:

> State the complete factual and legal basis for any allegation, that the system known as www.ForRent.com and the operation of the website www.ForRent.com infringes any asserted claim of the 513 patent under 35 U.S.C. § 271(a), (b), and/or (c). For each asserted claim, include a claim chart in the response that applies the elements of each asserted claim to the www.ForRent.com system or method of operation either literally or by equivalence, if indirect infringement is alleged, that specifies how the claim is indirectly infringed, including the identity of all direct infringers, and, if the allegation relies upon source code, in whole or in part, indicate by source code page(s) and line number(s), how each element of each claim is satisfied by those acts.

ST was (and is) required to tell Landmark the factual basis for its new assertions by identifying the information that it says justifies the assertion of the new claims. Only then can Landmark determine whether there is in fact new information that should permit the new assertion, or, as is more likely, that the "new information" is not new at all or is merely cumulative of what ST had, or should have had after exercising diligence in its investigation. As matters presently stand, ST has made no attempt whatsoever to show good faith.

**4. ST's belated assertion is unduly prejudicial to Landmark**

Since March 11, and in reliance upon ST's identification of asserted claims, Landmark has focused its attention on the construction of asserted claims to the exclusion of any other

claims in the 513 patent. The claim construction hearing is scheduled to occur on or about June 2, and the briefing deadline is May 20. Exh B. However, the new claims that ST wishes to assert raise new claim construction issues, because they are subject to construction under 112/6. Landmark would also need to revisit its non-infringement and its invalidity contentions. Revisiting its invalidity contentions may require further prior art searching and analysis – a potentially time consuming process. Those exercises will distract Landmark from focusing on the issues that it has spent nearly the last two months considering – construction of the originally asserted claims. Moreover, it complicates the briefing schedule, since opening briefs are now due to be exchanged on May 12.

**Conclusion**

For all of the forgoing reasons, Landmark requests that the Court strike both ST's assertion of the new claims and its Second Updated Infringement Contentions, and that it preclude ST from asserting any further claims absent a showing of good cause.

Dated: May 5, 2009

Respectfully submitted,

LANDMARK MEDIA ENTERPRISES, LLC

By: /s/
Conrad M. Shumadine
(VSB No. 4325)
Michael R. Katchmark
(VSB No. 40440)
Counsel for Defendant, Landmark Media Enterprises, LLC
WILLCOX & SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510
(757) 628-5500
(757) 628-5566 Facsimile
cshumadine@wilsav.com
mkatchmark@wilsav.com

Steven J. Rocci
Lynn B. Morreale
Stuart A. Schanbacher
Of Counsel for Defendant,
Landmark Media Enterprises, LLC
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891
(215) 568-3100
(215) 568-3439 Facsimile
rocci@woodcock.com
morreale@woodcock.com
sschanbacher@woodcock.com

## **CERTIFICATE OF SERVICE**

        I hereby certify that on May 5, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Alan D. Albert
VSB No. 25142
LeClair Ryan, PC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Phone: (757) 441-8914
Facsimile: (757) 624-3773
alan.albert@leclairryan.com

Amy S. Owen
VSB No. 27692
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
Phone: (703) 847-4480
Facsimile: (703) 847-4499
aowen@cochranowen.com

Benje A. Selan
VSB No. 65923
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182
Phone: (703) 847-4480
selan@cochranowen.com

Dana J. Finberg
VSB No. 34977
LeClair Ryan, PC
44 Montgomery Street, Eighteenth Floor
San Francisco, California 94104
Phone: (415) 913-4947
Facsimile: (415) 391-8766
dana.finberg@leclairryan.com

*Counsel for Plaintiff, Shopntown LLC*

And hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Jeffrey I. Kaplan, Esq.
Edward D. Pergament, Esq.
KAPLAN GILMAN & PERGAMENT LLP
1480 Route 9 North, Suite 204
Woodbridge, NJ 07095

*/s/*
Conrad M. Shumadine
(VSB No. 4325)
Michael R. Katchmark
(VSB No. 40440)
Counsel for Landmark Media Enterprises, LLC
WILLCOX & SAVAGE, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia  23510
(757) 628-5500
(757) 628-5566 Facsimile
cshumadine@wilsav.com
mkatchmark@wilsav.com