Exhibit A
Parties Proposed Claim Constructions
ShopNTown, LLC, v. Landmark Media Enterprises, LLC, No. 2:08-CV-00564-RAJ-JEB

| Claim Language | DEFENDANT'S CLAIM CONSTRUCTION | PLAINTIFF'S CLAIM CONSTRUCTION |
|---|---|---|
| Claim 40 | | |
| providing one or more pages containing information organized into **a hierarchy of geographic areas** | Information that has been input by the merchant and that has been organized into geographic tiers for picking or choosing by a user (e.g., national information and local information). | geographic areas organized into tiers |
| that allows the merchants and consumers **to select from** | A merchant actually picks or chooses from choices provided by the website. | to choose or pick from |
| at least one **topical category** | At least one from a choice of different products and/or services offered by the website. | a grouping of items defined by a common characteristic |
| in a plurality of **localized geographic areas** | a geographic area narrowed from the whole of geographic areas via a user selecting it. A localized geographic area is smaller than a geographic area of great expanse. | a geographic area narrowed from the whole of geographic areas |
| to input or view localized information wherein merchants in the localized geographic areas may direct the information to localized markets so as to **provide greater exposure to the** | Ensuring that only merchants that pick or choose a geographic area achieve exposure when a user picks or chooses that geographic area. | provide more exposure to merchants within the localized geographic areas who are using invention than those who aren't |

1

Exhibit A
Parties Proposed Claim Constructions
ShopNTown, LLC, v. Landmark Media Enterprises, LLC, No. 2:08-CV-00564-RAJ-JEB

| Claim Language | DEFENDANT'S CLAIM CONSTRUCTION | PLAINTIFF'S CLAIM CONSTRUCTION |
|---|---|---|
| **merchants within the localized geographic areas**; | | |
| providing **means for the one or more merchants to connect to at least one web page of the one or more web pages**; | The phrase "means for" indicates a means plus function clause, and accordingly this claim is construed under 35 U.S.C. §112, ¶6. Thus, construction is limited to the corresponding structure set forth in the specification and its equivalents.<br><br>**Function**: Providing apparatus that performs the function of enabling the merchants to access the Internet so that the merchants can access one or more of the web pages.<br><br>**Disclosed structure:** The corresponding structure includes in combination, a personal computer (PC), a modem, a port server, a point of presence (POP) router, a Hypertext Transport Protocol (HTTP) server, and a file server, where the PC is connected to the modem, the modem is connected to the port server, the port server is connected to the POP router, and the HTTP server is connected to the file server. | The term is in means plus function format.<br><br>The claimed function is enabling the merchants to access one or more of the web pages.<br><br>The corresponding structure includes a server which hosts one or more web pages, and is accessible by or connected to the Internet. |
| **allowing the one or more merchants to select at least one of the localized geographic areas and at least one of the** | The one or more merchants pick from at least one localized geographic area and at least one topical category from choices | permitting one or more merchants to select at least one localized geographic areas and at least one topical category. |

Exhibit A
Parties Proposed Claim Constructions
ShopNTown, LLC, v. Landmark Media Enterprises, LLC, No. 2:08-CV-00564-RAJ-JEB

| Claim Language | DEFENDANT'S CLAIM CONSTRUCTION | PLAINTIFF'S CLAIM CONSTRUCTION |
|---|---|---|
| **topical categories** to list or display information pertaining to the one or more merchants; | provided by the website. This element requires a merchant to actually pick at least one localized geographic area and at least one topical category, not merely permitting such choices. | |
| **allowing the one or more merchants to input information into the system** for viewing by the consumers on the one or more web pages | The one or more merchants create and post information on the system. This element requires a merchant to actually create information on the system, not merely permitting such creation and posting. | permitting one or more merchants to input information to the system, whether or not such merchants utilize such capability. (i.e.; see ordinary definition of "allow" – to permit) |
| through **a substantially automated process**, wherein the information is accessible on the one or more web pages under the localized geographic areas and topical categories selected by the one or more merchants, | A process that takes place without human interaction such that the need for data entry staff or human screening of the information is eliminated. | a process that substantially largely takes place without human interaction |
| and wherein the merchant has **direct access to modify, add or remove the information**; | Merchants can edit the information that was previously created on the system through the automated process. | the ability to edit the information that was previously input into the system |
| connecting the consumer to the one or more web pages; | | |
| **allowing the consumer to select at least one topical category from at least one localized geographic area;** | | permitting the consumer to select at least one topical category from at least one localized geographic area; |

3

| Claim Language | DEFENDANT'S CLAIM CONSTRUCTION | PLAINTIFF'S CLAIM CONSTRUCTION |
|---|---|---|
| | | |
| **displaying the merchant information in response to the geographic area and topical category selected by the consumer;** | Showing the merchant information on a user's computer screen in response to the consumer picking the same geographic area and topical category under which the merchant posted the merchant information, but not merchant information outside the geographic area and topical category selected by the consumer. | showing the merchant information on a user's computer screen in response to the consumer picking a geographic area and topical category. |
| **monitoring the information that is accessed**; | | watching or checking the accessed information. |
| **providing statistics regarding the information accessed**; and | | providing data about use of the system. |
| generating revenue based on the information that is inputted by the merchants. | | |
| | | |
| 41. The method of claim 40 wherein the method further comprises the step of calculating fees based on the information accessed. | This claim element is construed under section 112, paragraph 6. However, the claim cannot be construed because there are no acts disclosed in the specification corresponding to the step. | Determining fees based upon the input information. |
| | | |
| 42. The method of claim 40 wherein the | Adding a feature to the website of a | the step of providing additional services |

Exhibit A
Parties Proposed Claim Constructions
ShopNTown, LLC, v. Landmark Media Enterprises, LLC, No. 2:08-CV-00564-RAJ-JEB

| Claim Language | DEFENDANT'S CLAIM CONSTRUCTION | PLAINTIFF'S CLAIM CONSTRUCTION |
|---|---|---|
| method further comprises **the step of providing extended services**. | merchant. | beyond referring a consumer to one or more merchants or other users. |
| | | |
| 43. The method of claim 42 wherein **the step of providing extended services** comprises **providing commercial transactions** between the merchants and the consumers. | The extended service is receiving payment for the purchase of a product by the consumer from the merchant website by payment via the on-line interactive web site of claim 40. | See definition above of "the set of providing extended services." <br><br> providing a transaction that relates to commerce. |
| | | |
| 44. The method of claim 40 wherein the method further comprises the step of prompting for a password to access the information. | This claim element is construed under section 112, paragraph 6. However, the claim cannot be construed because there are no acts disclosed in the specification corresponding to the step. | |
| | | |
| 47. The method of claim 40 which further comprises the step of generating revenue from the one or more merchants for listing the merchant information in the hierarchy of geographic areas and topical categories. | This claim element is construed under section 112, paragraph 6. However, the claim cannot be construed because there are no acts disclosed in the specification corresponding to the step. | Charging fees to the merchants for the listings. |
| | | |
| 48. The method of claim 40 which further comprises the **step of providing means for the one or more merchants to update or edit the merchant information**. | This claim element is subject to section 112, paragraph 6. However, the claim cannot be construed because there is no corresponding structure disclosed in the specification. | allowing merchants, after being authenticated, to themselves alter their own information. |

Exhibit A
Parties Proposed Claim Constructions
ShopNTown, LLC, v. Landmark Media Enterprises, LLC, No. 2:08-CV-00564-RAJ-JEB

| Claim Language | DEFENDANT'S CLAIM CONSTRUCTION | PLAINTIFF'S CLAIM CONSTRUCTION |
|---|---|---|
| | | |
| | | |
| 50. The method of claim 40 wherein the **geographic areas** and **topical categories** are provided in **drill-down menus**. | See definitions above of 'geographic areas' and 'topical categories.' Choices of both geographic areas and topical categories are presented in a hierarchical menu based on prior selections in the menu." | See definitions above of "geographic areas" and "topical categories"<br><br>one or more choices presented in a menu after selecting a choice in a hierarchical menu. |
| | | |
| 51. The method of claim 40 wherein the inputting of the information occurs in **real time.** | Instantaneously. | a time that is substantially immediately. |
| | | |
| 52. The method of claim 40 wherein the information comprises business listings. | | |
| | | |