UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NORFOLK DIVISION)

| | |
|---|---|
| SHOPNTOWN, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANDMARK MEDIA ENTERPRISES, LLC )<br>)<br>Defendant. )<br>)<br>) | Civil Action No.<br>2:08-cv-00564-RAJ-JEB |

**MEMORANDUM IN SUPPORT OF
LANDMARK'S MOTION TO COMPEL DEPOSITION OF PROSKAUER ROSE**

Landmark Media Enterprises, LLC ("Landmark") properly and timely subpoenaed Proskauer Rose LLP ("Proskauer") – counsel for ShopNTown – for a deposition concerning issues directly relevant to this action. Nevertheless, Proskauer has refused to produce a witness in response to that subpoena and has now filed a Motion to Quash in the District of Massachusetts. As even ShopNTown admits in its motion to quash papers, however, this Court is better suited to resolve this dispute than a District of Massachusetts court having no prior knowledge of this litigation. Pursuant to Fed. R. Civ. P. 37 and Local Rule 37, Proskauer should be ordered to proffer an appropriate deposition witness for deposition in response to the subpoena within five days of the Order.

I.  **THE FACTS GIVING RISE TO THE SUBPOENA AT ISSUE AND THE PRESENT MOTION TO COMPEL**

In mid-July, 2009, it came to the attention of counsel for Landmark that someone affiliated with Proskauer had improperly accessed Landmark's accused www.forrent.com website. In particular, on May 20, 2009, a credit card belonging to a Proskauer paralegal was used to place an ad on www.Forrent.com using the alias "Laurie Henderson" as the administrative contact for the listing, but using the paralegal's real name for the credit card transaction. Whoever placed the ad used the e-mail address real_estate_landlord@hotmail.com. (These facts are set out in an email to ShopNTown's counsel attached here as Exhibit A; *see also* Exhibit B.)

The person placing the ad originally listed the telephone number 617-842-6161 (which Landmark understands is the cell phone number for a Proskauer Rose attorney) and the paralegal's real address (an address that matched that of her credit card). The person placing the ad then changed these to a fictitious telephone number and address. The ad was titled "Boston Brownstone."

As far as Landmark can tell, this was a fictitious ad and was placed under false and misleading pretenses.

On May 21, 2009, as part of their normal, human follow-up, customer service at Forrent called the number on "Boston Brownstone" file, which did not work. Customer service also e-mailed a "welcome package" with a user's guide to the e-mail address provided. It appears that this user's guide is the same user's guide that was presented to a witness by ShopNTown's Proskauer counsel during a deposition in this case in early July (Exhibit C).

According to Landmark's records, on July 9th, someone logged onto the www.forrent.com management console and changed two property values on the "Boston Brownstone" listing (Exhibit D).

Landmark's counsel brought these inappropriate activities to the attention of ShopNTown's counsel on July 15th (Exhibit A). Less than 20 minutes after the e-mail was sent to ShopNTown's counsel (according to Landmark's records as reflected in Exhibit D), someone logged onto the www.forrent.com management console and changed the ad such that some fields were cleared and both the title and address were changed to read "Not Listed."

Because these ShopNTown/Proskauer activities were inappropriate, at least bordered on being unethical, and are of direct relevance to an issue central to the infringement issue in this case (i.e., the extent to which there is human involvement in the placing and editing of ads), Landmark served a subpoena on Proskauer on August 5th seeking a deposition specific to the facts surrounding the particular discussed here (Exhibit E). Two days earlier, Gary Levin – one of the attorneys representing Landmark – had orally informed counsel for ShopNTown of Landmark's intention to serve the subpoena and had offered that Landmark would forego the deposition if ShopNTown would admit a series of Requests For Admission that Landmark had served in mid-July directed to the facts surrounding this issue. ShopNTown never responded to this offer.

Landmark counsel sought to confirm the subpoenaed August 16th deposition on two occasions (*see* emails within the string forming Exhibit F). Last Friday, however, Proskauer explicitly informed Landmark in no uncertain terms that no witness would be proffered for the subpoenaed deposition (*id.*). Later that day, Proskauer filed a Motion to Quash the subpoena in the United States District Court for the District of Massachusetts (Exhibit G) wherein Proskauer

explicitly argued that any dispute about Landmark's entitlement to the sought information should have been addressed to this Court rather than through a subpoena issued from the District of Massachusetts (*id.* at 4).

## II.   THE SOUGHT DEPOSITION IS RELEVANT AND APPROPRIATE

There really can not be any dispute that the subject matter as to which Landmark seeks a deposition is relevant to this action.

First, one of the larger issues in this litigation centers around the extent to which accused websites are "substantially automated" and the extent to which they require or involve human interaction in the process of placing and editing ads.  Thus, gathering facts directly from someone under ShopNTown's control as to their personal experience with the extent of human involvement and interaction in the process of dealing with ads on the accused www.forrent.com website is directly relevant.

That the collection of the evidence involves deposing counsel for ShopNTown is ***not*** something of Landmark's doing.  It was ShopNTown and its counsel themselves who chose to undertake these relevant activities, so they should not be heard to complain now.  ShopNTown and Proskauer should not be allowed to avoid the subpoenaed deposition just because the facts might make them look bad.

In addition, Proskauer actions in placing false information and a false ad on the Forrent.com website without any prior communication with Landmark' counsel is the type of "pretexting" that is often found to be unethical and should not be tolerated.[1]  While, based upon

---

[1]   It may also be a violation of Virginia Rule of Professional Conduct 4.2, which states that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

the limited extent of its current knowledge, Landmark has no particular interest in seeing Proskauer sanctioned, Landmark should be entitled to reasonably investigate the extent of the impropriety.

### III.   THE SUBJECT MATTER OF THE SOUGHT DEPOSITION IS NOT PROTECTIBLE WORK PRODUCT

In its Motion to Quash filed in Massachusetts, Proskauer misleadingly argues that the factual information sought by Landmark is somehow protected as work product.  This is patently absurd.  As Proskauer readily admits, the activities involve direct interaction and communication with a party opponent – Landmark's accused Forrent.com site.  While Landmark does not concede that the activities could have been protected as work product if they related to some other non-Landmark website, the fact is that whatever protection could arguably exist in such a situation cannot exist here where the interaction is directly with a party opponent.

Here, a significant portion of the sought activities have already voluntarily been produced/communicated to Landmark given that Landmark received specific communications from Proskauer when Proskauer interacted with the Forrent.com website.[2]  Moreover, there is no dispute that ShopNTown and Proskauer made use of specific materials obtained as a result of the activities at issue by, for example, marking them as an exhibit at a deposition (e.g., Exhibit C). As such, even if there could be work product protection for these sorts of activities, that protection has been entirely waived and Landmark is entitled to investigate the full factual scope

---

[2]   Indeed, it is this very direct communication of a party's counsel with an opposing party known to be represented by counsel that is so troubling from an ethical standpoint in view of Virginia Rule of Professional Conduct 4.2.  It should be noted that the cases cited by Proskauer at page 5 of its Motion to Quash are inapposite to this concern.  The *InterTrust Tech* case says nothing about the propriety of actions such as are at issue here, instead only talking generally about the requirements of the Northern District of California's Local Rule disclosures.  The *Bowers* case really has no relevance at all, and both the *Gidatex* and *Apple Corps* cases involved private investigators as opposed to counsel for a party and specifically distinguished the two.

of this subject matter area – the "activity by Proskauer in placing an ad on the website www.forrent.com on or about May 20, 2009" which is stated in the subpoena to be the intended subject matter of the deposition. Even if there might be some protectable work product or attorney-client privilege concerning the internal communications at Proskauer as to this subject area (and Landmark does not believe that there is), Landmark is still entitled to gather the full factual story as to, e.g., who at Proskauer communicated with Forrent.com, and to document that person's experience as he or she interacted with the Forrent.com site.

### IV. IT IS MORE APPROPRIATE FOR THIS COURT THAN THE DISTRICT OF MASSACHUSETTS TO RESOLVE THIS DISPUTE

Clearly, this Court is more familiar with the underlying facts of this litigation than any court in the District of Massachusetts. This Court also has direct supervisory power over both the parties before it (such as ShopNTown) and the counsel appearing of record for those parties (such as Proskauer). Finally, Proskauer itself has admitted that this Court has the authority to deal with this issue, specifically arguing to the Massachusetts court that Landmark "should have raised the issue through the Virginia court" and that "Landmark . . . should have taken action in Virginia" (Exhibit G at 4).

Thus, it makes far more sense for this Court to determine whether or not Proskauer should be allowed to block proper discovery of the information sought. The parties are before this Court now on this issue, and this Court should compel Proskauer's compliance with the subpoena.

## V. CONCLUSION

Because the information is directly relevant and was timely and properly sought by Landmark, the Court should order Proskauer Rose to proffer an appropriate deposition witness for deposition in response to the subpoena served on it on August 6, 2009, within five days of the Order.

Dated: August 17, 2009

Respectfully submitted,

LANDMARK MEDIA ENTERPRISES, LLC

By: /s/_____
    Michael R. Katchmark
    (VSB No. 40440)
    Counsel for Defendant Landmark Media Enterprises, LLC
    WILLCOX & SAVAGE, P.C.
    One Commercial Place, Suite 1800
    Norfolk, Virginia 23510
    (757) 628-5615
    (757) 333-3615 Facsimile
    mkatchmark@wilsav.com

    Steven J. Rocci
    Gary H. Levin
    Lynn B. Morreale
    Stuart A. Schanbacher
    WOODCOCK WASHBURN LLP
    Cira Centre, 12th Floor
    2929 Arch Street
    Philadelphia, PA 19104-2891
    (215) 568-3100
    (215) 568-3439 Facsimile
    rocci@woodcock.com
    levin@woodcock.com
    morreale@woodcock.com
    sschanbacher@woodcock.com

    *Counsel for Defendant Landmark Media Enterprises, LLC*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 17, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Alan D. Albert
VSB No. 25142
LeClair Ryan, PC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Phone: (757) 441-8914
Facsimile: (757) 624-3773
alan.albert@leclairryan.com

Dana J. Finberg
VSB No. 34977
LeClair Ryan, PC
44 Montgomery Street, Eighteenth Floor
San Francisco, California 94104
Phone: (415) 913-4947
Facsimile: (415) 391-8766
dana.finberg@leclairryan.com

Steven M. Bauer
Jeremy P. Oczek
Benjamin M. Stern
Sharada Devarasetty
Proskauer Rose, LLP
One International Place -- 22nd Floor
Boston, MA  02110-2600
sbauer@proskauer.com
joczek@proskauer.com
bstern@proskauer.com
sdevarasetty@proskauer.com

*Counsel for Plaintiff, ShopNTown, LLC*

- 9 -

      To the best of my knowledge, there are no other attorneys who require service by U.S. Mail.

                        */s/*
                        Michael R. Katchmark
                        (VSB No. 40440)
                        Counsel for Defendant Landmark Media Enterprises, LLC
                        WILLCOX & SAVAGE, P.C.
                        One Commercial Place, Suite 1800
                        Norfolk, Virginia 23510
                        Phone:  (757) 628-5615
                        Facsimile:  (757) 333-3615
                        mkatchmark@wilsav.com

Case 2:08-cv-00564-RAJ-JEB   Document 120   Filed 08/17/2009   Page 9 of 9