IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VIRGINIA
(NORFOLK DIVISION)

| | |
|---|---|
| SHOPNTOWN, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LANDMARK MEDIA ENTERPRISES, LLC,<br><br>　　　　Defendant. | Civil Action No. 2:08-CV-00564-RAJ-JEB<br><br>The Honorable Raymond A. Jackson |

### SHOPNTOWN LLC'S OPPOSITION TO LANDMARK'S MOTION
### TO COMPEL DEPOSITION OF PROSKAUER ROSE

Plaintiff ShopNTown, LLC ("ShopNTown") respectfully requests that the Court deny Landmark Media Enterprises, LLC's ("Landmark") motion to compel ShopNTown's attorneys, Proskauer Rose LLP ("Proskauer"), to comply with a subpoena for documents and deposition relating to Proskauer's investigation on behalf of ShopNTown *that Landmark issued out of the District of Massachusetts*.[1]  (Docket No. 119).  Landmark's motion seeks to have the Court do what it cannot – compel compliance with a subpoena over which it has no authority.  Further, as Landmark admits in its motion, the information it wishes to obtain has no bearing on any disputed issue in this case.  Indeed, Landmark devotes a *single sentence* (in a more than six page brief) to why it believes the information sought is relevant.  Landmark Br. at 4.  Because Landmark's motion is little more than a pretext to smear ShopNTown (and Proskauer) in the eyes of the jury (and the Court), it should be denied.

---

[1]　Landmark's motion was filed *after* Proskauer filed a motion to quash Landmark's subpoena in the District of Massachusetts (which is still pending).

First, Landmark's request is procedurally improper. Rule 37 of the Rules of Federal Civil Procedure (the purported basis of Landmark's motion) makes clear that Landmark cannot enforce a subpoena issued out of the District of Massachusetts. *See* Fed. R. Civ. P. 37(a)(2). ("[a] motion to order a party must be made <u>in the court where the discovery is or will be taken</u>") (emphasis added); *see also Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 987 (C.A.D.C. 1979) ("An application for an order compelling answers by a nonparty deponent <u>must be made to the court in the district wherein the deposition is being taken.</u> Fed.R.Civ.P. 37(a)(1).") (emphasis added); *see generally* Vol. 7 *Moore's federal Practice*, § 37.06[2] (Matthew Bender 3d ed.).[2]

Second, Landmark's motion also seeks information that is irrelevant to this matter. Although ShopNTown's position is more fully explained in its Motion to Quash that it filed in the District of Massachusetts (attached hereto as Ex. 1), Landmark's assertions merit a brief response. In sum, Landmark appears to suggest that, because "someone under ShopNTown's control" placed an ad on www.ForRent.com, it needs to take discovery of that person regarding "their personal experience." Landmark Br. at 4. This purported basis is nothing short of ridiculous; there is no reason why a specific individual's "personal experience" is relevant to this case, nor does Landmark need such testimony to explain the functionality of its own web site. Likewise, Landmark does not need this information to present the purported problem of "false postings" on the accused web site; there is already ample record evidence about Landmark's view on (and experience with) this issue. *See, e.g.,* Ex. 2, Landmark's Fourth Response to

---

[2]   Despite the fact that it voluntarily served a subpoena issued out of the District of Massachusetts, Landmark seeks to blame ShopNTown for filing its ill-conceived motion in this Court. Yet, Landmark misunderstands ShopNTown's position. By issuing the subpoena out of the District of Massachusetts, Landmark sought to avoid the jurisdiction of this Court. That it now, apparently, does not want to avail itself of the District of Massachusetts does not mean that it can now (belatedly) seek relief in this Court.

ShopNTown's First Set of Interrogatories, No. 5 at 5-6; Ex. 3, July 10, 2009 Deposition of Paul Sipe at 98:18 - 106:3; Ex. 4, July 21, 2009 30(b)(6) Deposition of Terrence Slattery at 81:19 - 82:15.

Besides being irrelevant, Proskauer's activities on behalf of ShopNTown are protected by the attorney work product doctrine. *See* Fed. R. Civ. P. 26(b)(3)(A). Work product materials are simply not discoverable without a showing of a substantial need. *Id.* There is no such need here.

At the end of the day, Landmark has not made any secret of why it wants to take Proskauer's deposition – to "make them [Proskauer] look bad." This litigation gamesmanship has no place in this case and Landmark's motion should be denied.

Dated: August 31, 2009

Respectfully submitted,

PLAINTIFF SHOPNTOWN, LLC

By its attorneys,

/s/ Alan D. Albert
Alan D. Albert
Virginia Bar Number: 25142
LECLAIR RYAN, PC
999 Waterside Drive, Suite 2525
Norfolk, Virginia  23510
Telephone:  (757) 441-8914
Facsimile:  (757) 624-3773
Email:  alan.albert@leclairryan.com

Dana J. Finberg
Virginia Bar Number: 34977
LECLAIR RYAN, PC
44 Montgomery Street, 18th Floor
San Francisco, California  94104
Telephone:  (415) 913-4947
Facsimile:  (415) 391-8766
Email:  dana.finberg@leclairryan.com

        Steven M. Bauer (admitted *pro hac vice*)
        Jeremy P. Oczek (admitted *pro hac vice*)
        Benjamin M. Stern (admitted *pro hac vice*)
        PROSKAUER ROSE LLP
        One International Place
        Boston, Massachusetts  02110
        Telephone:  (617) 526-9600
        Facsimile:  (617) 526-9899
        Email:  sbauer@proskauer.com
        Email:  joczek@proskauer.com
        Email:  bstern@proskauer.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 31th day of August, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Michael R. Katchmark
WILLCOX & SAVAGE, P.C.
1800 Bank of America Center
Norfolk, VA 23510

Gary H. Levin
Steven J. Rocci
Lynn B. Morreale
Stuart A. Schanbacher
Woodcock Washburn LLP
Cira Centre. 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891

/s/ Alan D. Albert
Alan D. Albert
Virginia Bar Number: 25142
LECLAIR RYAN, PC
999 Waterside Drive, Suite 2525
Norfolk, Virginia  23510
Telephone:  (757) 441-8914
Facsimile:  (757) 624-3773
Email:  alan.albert@leclairryan.com